UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GONZALES and RANDY HALL, individuals, | No. 2:24-cv-02810-TLN-JDP |
| Plaintiffs, | |
| v. | **ORDER** |
| HOME DEPOT U.S.A., INC., and DOES 1 through 100, inclusive, | |
| Defendants. | |

This matter is before the Court on Plaintiffs Robert Gonzales ("Gonzales") and Randy Hall's ("Hall") (collectively, "Plaintiffs") Motion to Amend (ECF No. 6) and Motion to Remand (ECF No. 8). Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") filed an opposition to both of Plaintiffs' motions. (ECF Nos. 16, 17.) Plaintiffs filed replies.[1] (ECF Nos. 18, 19.) For the reasons set forth below, the Court GRANTS Plaintiffs' Motion to Amend and GRANTS Plaintiffs' Motion to Remand.

---

[1] The Court notes Plaintiffs argue Defendant's opposition papers were improperly served and should be disregarded. (ECF No. 18 at 4–5; ECF No. 19 at 5–6.) However, Plaintiffs argument is underdeveloped and lacks factual details. As such, the Court declines to address this argument.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action arises from an employment dispute over Plaintiffs' termination. Plaintiffs were Home Depot employees who were terminated due to Hall's alleged personal use of a company-owned dump trailer and Gonzales' alleged authorization of such use. (*Id.* ¶ 17.) Plaintiffs allege, prior to their termination, Gonzales's direct supervisor, Sandy Snyder ("Snyder"), frequently inquired about Gonzales's retirement plans over an 18-month period and Hall was demoted after inquiries about his retirement plans. (*Id.* ¶¶ 12, 14.) According to Plaintiffs, after Hall was demoted, Synder was promoted to his position. (*Id.* ¶ 15.) Based on these allegations, Plaintiffs assert five claims: (1) wrongful termination in violation of public policy; (2) retaliation in violation of California Labor Code § 1102.5; (3) age discrimination in violation of California Government Code § 12940 ("FEHA"); (4) intentional infliction of emotional distress ("IIED"); and (5) declaratory relief. (*Id.*) Defendant removed the action on October 11, 2024, based on diversity jurisdiction. (*Id.* at 1.)

Plaintiffs originally filed this action on September 3, 2024, in Sacramento Superior Court against Home Depot and DOES 1 through 100. (ECF No. 1 at 6.) On November 1, 2024, Plaintiffs filed a Motion to Amend their Complaint to join Snyder as a defendant on all five claims. (ECF No. 6 at 2–3.) Plaintiffs also seek to allege additional facts about Snyder. (*Id.* at 3.) On November 4, 2024, Plaintiffs filed a Motion to Remand this action to state court because Snyder's joinder as a non-diverse defendant would defeat this Court's subject matter jurisdiction. (ECF No. 8 at 2.)

## II. STANDARD OF LAW

A civil action brought in state court, over which the district court has original jurisdiction, may be removed by the defendant to federal court in the judicial district and division in which the state court action is pending. 28 U.S.C. § 1441(a). The district court has original jurisdiction over civil actions between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. § 1332(a)(1). The party asserting federal jurisdiction bears the burden of proving diversity. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) (citing *Resnik v. La Paz Guest Ranch*, 289 F.2d 814, 819 (9th Cir. 1961)). Diversity is determined as of the time the complaint

2

is filed and removal effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Removal statutes are to be strictly construed against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Removal based on diversity requires that the citizenship of each plaintiff be diverse from the citizenship of each defendant (i.e., complete diversity). *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity, a corporation is a citizen of any state in which it is incorporated and any state in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). An individual defendant's citizenship is determined by the state in which they are domiciled. *Weight v. Active Network, Inc.*, 29 F. Supp. 3d 1289, 1292 (S.D. Cal. 2014).

### III.   ANALYSIS

The Court begins its analysis by determining whether to permit or deny Snyder's joinder. The post-removal joinder of a non-diverse defendant that would defeat diversity jurisdiction is governed by 28 U.S.C. § 1447(e) ("§ 1447(e)"). *See* 28 U.S.C. § 1447(e). Courts generally consider the following factors when deciding whether to deny or permit joinder:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)); *see also Clinco*, 41 F. Supp. 2d at 1082. Any of the factors may be decisive, and none are completely necessary to permit joinder. *Rodriguez v. Otis Elevator Co.*, No. 1:23-cv-01537-KES-BAM, 2025 WL 2180549, at *4 (E.D. Cal. Aug. 1, 2025). The Court analyzes the relevant factors below.

### A.   Validity of Plaintiffs' Claims Against the Non-Diverse Defendant

"The existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under [Section] 1447(e)." *Westberg v. FCA US LLC*, No. 1:18-cv-01509-BAM, 2019 WL 3500559, at *3 (E.D. Cal. Aug. 1, 2019). Plaintiffs' claims need only be

3

1  facially viable — they are not required to be plausible or stated with particularity. *See Reyes v.*
2  *FCA US LLC*, No. 1:20-cv-00833-DAD-SKO, 2020 WL 7224286, at *9 (E.D. Cal. Dec. 8, 2020).
3  Facial validity "is a lower standard than on a motion to dismiss or a motion for summary
4  judgment." *See Forster v. Tractor Supply Co.*, No. 1:23-cv-00627-KES-BAM, 2024 WL
5  3913461, at *4 (E.D. Cal. Aug. 23, 2024).

Defendant argues Plaintiffs' claims against Synder are meritless for four reasons. First, Plaintiffs claims for wrongful termination, age discrimination, and retaliation cannot be asserted against individuals such as Snyder. (ECF No. 16 at 9.) Second, Plaintiffs have failed to allege they suffered an adverse employment action by Snyder — a requisite element of the above three claims. (*Id*.) Third, Plaintiffs cannot prove their IIED claim because Snyder's conduct does not meet the "extreme and outrageous" legal standard. (*Id*. at 10.) Finally, Defendant argues the declaratory relief claim cannot be satisfied because it is derivative of the other claims which also fail. (*Id*. at 11.) The Court examines Defendant's arguments in turn.

                              *i.*     *Validity of Plaintiffs' Claims Based on Individual Liability*

First, Defendant argues individuals cannot be liable for Plaintiffs' wrongful termination and age discrimination claims cannot against individuals such as Snyder. (ECF No. 16 at 9 (citing *Reno v. Baird*, 18 Cal. 4th 640, 645 (1998)).)[2] In response, Plaintiffs contend the amended complaint contains sufficient allegations regarding Snyder's conduct, including his repeated age-related questioning of Gonzales, to state viable claims.[3] (ECF No. 19 at 4–5.)

The Court disagrees with Plaintiffs. *Baird* conclusively held supervisors may not be individually liable for claims of discrimination in violation of FEHA or wrongful termination in violation of public policy grounded in FEHA. 18 Cal. 4th at 645–46 (superseded by statute on other grounds). Moreover, Plaintiffs assert the same claims at issue in *Baird* against Snyder. (*See* ECF No. 6 at 4–5, 11–14.) Because no individual liability exists for these claims, they cannot be

---

[2] The Court cites to ECF No. 16 for all of Defendant's opposition arguments under the § 1447(e) factors because ECF No. 16 and ECF No. 17 are virtually identical in substance. (*See* ECF Nos. 16, 17.)

[3] The Court addresses Plaintiffs' Rule 15(a) arguments to the extent they overlap with Plaintiffs' arguments under the § 1447(e) analysis.

4

brought against Snyder and are, thus, invalid.

As to whether individuals can be liable for retaliation under § 1102.5, the issue is unsettled under California law. *See Dawson v. Caregard Warranty Serv., Inc.*, No. 5:23-cv-01139-SB-SP, 2024 WL 661198, at *1 (C.D. Cal. Jan. 12, 2024) (recognizing that neither the California Supreme Court nor any intermediate California appellate court has decided whether there is individual liability under § 1102.5). Given the unsettled California caselaw in this area, the Court finds Plaintiffs' putative § 1102.5 claim against Snyder is at least facially valid. *See Jackson v. Dollar Tree Distrib., Inc.*, No. CV 18–2302 PSG (SKx), 2018 WL 2355983, at *6 (C.D. Cal. May 23, 2018) (finding the plaintiff may state a claim under § 1102.5 in state court because the issue of individual liability is undecided under state law).

                ii.      *Validity of Plaintiffs' Claims Based on an Adverse Employment Action*

Defendant further argues Plaintiffs' wrongful termination, age discrimination, and retaliation claims cannot be brought against Snyder because Plaintiffs have not alleged that Snyder took an adverse employment action against Plaintiffs.[4] (ECF No. 16 at 9.) Plaintiffs do not respond to this argument. (*See generally* ECF No. 19.)

An adverse employment action is a required element of retaliation in violation of § 1102.5. *See Francis v. City of Los Angeles*, 81 Cal. App. 5th 532, 540–41 (2022). However, Defendant asks the Court to impose a stricter standard than is called for under § 1447(e). Assessing the sufficiency of Plaintiffs' factual allegations goes beyond assessing the facial validity of the claims. *See Reyes*, 2020 WL 7224286, at *9. While the claims might fall short when subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs could possibly remedy the claims by further amendment. *Cf. id.* (recognizing that courts should not hold a plaintiff failed to state a valid claim where a plaintiff can remedy the deficiently pleaded claims). Further, the Court should construe all factual allegations in the Complaint "as true and in

---

[4] Defendant also contends this argument applies to Plaintiffs' claims for wrongful termination in violation of public policy and age discrimination in violation of FEHA. However, as discussed above, because the Court does not find those two claims facially viable, it does not discuss them here.

5

a light most favorable" to the Plaintiffs. *See Lewis v. Bear Stearns Residential Mortg. Corp.*, No. 2:23-cv-1010-CSK PS, 2024 WL 3012356, at *5 (E.D. Cal. Jun. 11, 2024).

Here, the facts do not obviously show Snyder did not take an adverse employment action against Plaintiff. While Plaintiffs do not directly state Snyder was responsible for Hall's demotion, or both of Plaintiffs' terminations, they make clear that Snyder was Gonzales' direct supervisor. (ECF No. 1 at 8–9.) They further assert that Hall was demoted, and Snyder was placed into Hall's previous position. (*Id*. at 9.) Both of these facts suggest Snyder might have been involved in the adverse employment actions Plaintiffs suffered because Snyder could have had the requisite authority over Plaintiffs at the time. Altogether, because of the uncertainty in the reading of the Complaint, and because doubt about removability is resolved in favor of remand, the Court finds Defendant's argument on this issue unpersuasive. Accordingly, Plaintiffs' claim for retaliation in violation of § 1102.5 appears facially valid.

### iii. Validity of Plaintiffs' IIED Claim

Defendant also argues Plaintiffs' IIED claim is meritless because the facts alleged do not meet the legal standard of extreme and outrageous conduct. (ECF No. 16 at 10–11.) Defendant supports the argument by comparing Snyder's alleged conduct to numerous cases where courts held the defendant's conduct did not meet the standard. (*Id*.) In response, Plaintiffs generally contend Snyder's conduct does support an IIED claim. (ECF No. 10 at 4.)

The Court finds Defendant's argument unpersuasive. Asking the Court to decide whether the alleged conduct rises to meet the extreme and outrageous standard would require the Court to look beyond the mere facial validity of the IIED claim. *See Reyes*, 2020 WL 7224286, at *9 (noting that courts should look for facial validity and not review the allegations on the merits).

Moreover, while the Court agrees that Plaintiffs' claim that Snyder's inquiry into Gonzales's retirement plans four or five times over an 18-month period is a relatively weak factual allegation to support an IIED claim, Defendant makes no showing that Plaintiffs' pleading could not be cured by further amendment. (ECF No. 16 at 10–11); *see also Bailey*, 2024 WL 4766209, at *7 (E.D. Cal. Nov. 13, 2024) (similarly finding Defendant did not establish an amendment could not remedy an insufficient pleading).

         *iv.*  *Validity of Plaintiffs' Declaratory Relief Claim*

  Finally, Plaintiffs' last cause of action, declaratory relief, is facially valid because it is dependent on the other claims the Court finds valid.

  Altogether, the Court finds this factor weighs in favor of joinder because at least three of the proposed claims against Snyder appear valid on their face.

    **B.**  <u>Whether Snyder Is a Necessary Party Under Rule 19(a) for Just Adjudication</u>

  Federal Rule of Civil Procedure ("Rule") 19 requires courts to join parties whose absence would prevent complete relief, impede upon the proposed parties' ability to protect their interests, or create the risk of inconsistent obligations. Fed. R. Civ. P. 19; *Ortiz v. P.F. Chang's China Bistro, Inc.*, No. 1:24-CV-00079, 2025 WL 227289, at *3 (E.D. Cal. Jan. 16, 2025). While courts consider Rule 19 under this factor, "amendment under § 1447(e) is a less restrictive standard than for joinder under" Rule 19. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011–12. Therefore, joinder under this factor is appropriate when "failure to join will lead to separate and redundant actions." *Id.* at 1011. Joinder is inappropriate when the party sought to be joined is only "tangentially related to the cause of action or would not prevent complete relief." *Id.* at 1012.

  Defendant argues Snyder is not a necessary party because Plaintiffs can recover fully by judgment against Home Depot itself, and Plaintiffs fail to provide any reason for prejudice. (ECF No. 16 at 7–8.) Plaintiffs disagree and maintain Snyder is a necessary party because Snyder's conduct makes up a substantial part of the alleged discriminatory conduct, and therefore his presence is needed to fully adjudicate the case. (ECF No. 19 at 2–3.) Plaintiffs also argue denial of the joinder request would prevent them from obtaining full relief because it would prevent them from pursuing claims against Snyder individually in the same action. (*Id.* at 3.) Finally, Plaintiffs argue that unified resolution will prevent waste of judicial resources and risk of inconsistent judgments from parallel proceedings because the claims are based on the same facts. (*Id.*)

  The Court concludes Snyder is a necessary party under this factor for the following reasons. First, failure to join Snyder would create separate parallel actions because the claims

against Snyder are based on the same factual allegations as the claims against Home Depot. In fact, Plaintiffs propose to add Snyder to all the same claims against Home Depot and hardly allege any new facts. (ECF No. 6 at 4–5.) Because the claims are identical, forcing separate actions would certainly lead to redundancy and risk inconsistent judgments. *See Garcia*, 2025 WL 314072, at *2 (finding that separate actions would lead to redundancy due to the similarity between the claims against the defendants).

Second, Snyder is closely related to this action because his conduct makes up a central part of the claims against himself and Home Depot. *See Nand v. FedEx Ground Package Sys., Inc.*, No. 2:23-cv-01142 DJC AC, 2024 WL 1306170, at *4 (E.D. Cal. Mar. 25, 2024). For example, Plaintiffs allege Snyder engaged in conduct constituting retaliation and age discrimination. (ECF No. 1 at 11–12, 13–14.) Plaintiffs also allege Snyder's conduct contributed to the discrimination and retaliation that led to Plaintiffs' wrongful termination in violation of public policy. (*Id*. at 12–13.) Further, Plaintiffs argue Snyder's conduct satisfies the IIED standard. (ECF No. 1 at 14–15; ECF No. 19 at 4.) Because Snyder's actions underlie all of the causes of action, he is not tangential, and, thus, failing to join him would require redundant litigation on the same facts. *See Nand*, 2024 WL 1306170, at *4.

Third, Plaintiffs cannot recover fully by judgment against Home Depot alone because Plaintiffs have independent claims against Snyder as an individual. *See Forster*, 2024 WL 3913461, at *3 (finding that plaintiffs are not afforded complete relief, even if the employer was liable for the proposed defendant's conduct, if plaintiffs have an independent claim against the proposed defendant). Plaintiffs' ability to recover fully from Home Depot alone is inconsequential if Plaintiffs have independent claims against Snyder as an individual in state court. *See id.*; *Reyes*, 2020 WL 7224286, at *4–5 (finding in favor of joinder, regardless of the ability to fully recover from one defendant, if a plaintiff has an independent and facially valid claim to bring in state court). Because of the independent causes of action Plaintiffs could bring against Snyder as an individual, Plaintiffs will be denied complete relief if Snyder is not joined. *See Reyes*, 2020 WL 7224286, at *4–5.

In sum, this factor weighs in favor of joinder.

8

C. <u>Whether Joinder is Timely</u>

When determining whether to permit joinder of a non-diverse party under § 1447(e), courts also consider the timeliness of the amendment. *Garcia*, 2025 WL 314072, at *3; *Clinco*, 41 F. Supp. 2d at 1083. Delay in filing is reasonable if the amendment is filed within months of the original complaint or notice of removal, and if no dispositive motions or discovery have commenced. *See Bailey*, 2024 WL 4766209, at *5 (collecting cases). However, courts may deny joinder when the "plaintiffs should have known the facts and theories underlying their new claims when they filed their original pleading." *Garcia*, 2025 WL 314072, at *3 (citing *Goines v. BMW of N. Am., LLC*, No. LA CV16-09271 JAK (Ex), 2017 WL 10676597, at *4 (C.D. Cal. Jul. 14, 2017)).

Defendant argues Plaintiffs lack an adequate explanation for their delay in seeking to join Snyder. (ECF No. 16 at 8 (emphasis omitted).) First, Defendant points out that nothing prevented Plaintiffs from naming Snyder as a defendant prior to removal because they could have served him in numerous ways. Second, Defendant contends Plaintiffs fail to explain why they needed "additional" contact information to simply name Snyder in the original Complaint. (*Id.*)

In response, Plaintiffs argue courts must consider a plaintiff's need for necessary information when examining an amendment. (ECF No. 19 at 4 (citing *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328 (9th Cir. 1983)); ECF No. 18 at 4 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).) According to Plaintiffs, their timing in seeking joinder was reasonable because they needed time to verify Snyder's role, ascertain Snyder's location for service, and gather supporting documentation. (ECF No. 19 at 4.) Further, Plaintiffs contend they acted diligently once they possessed Snyder's contact information and "confirmed his direct involvement in the discriminatory conduct." (*Id.*) Finally, Plaintiffs argue, without any citation to caselaw, that the instant action is distinguishable from other cases where improper delay was found because Plaintiffs did not wait to seek joinder after the close of discovery or when trial was near, as plaintiffs in those cases did. (ECF No. 19 at 4.)

The Court finds this factor is neutral because the timing of the Motion to Amend is reasonable, but Plaintiffs' explanation is not. The timing of Plaintiffs' Motion to Amend is well-

1  within the established standard for timeliness because Plaintiffs filed their Motion to Amend just
2  two months after filing their original Complaint and within one month of the Notice of Removal.
3  *See Bailey*, 2024 WL 4766209, at *5 (finding that an amendment filed two months after the
4  original complaint and within two weeks of the notice of removal was reasonable); *Garcia*, 2025
5  WL 314072, at *3 (finding that an amendment filed six months after the original compliant was
6  reasonable). Further, no party has filed dispositive motions, nor has discovery commenced. *See*
7  *Bailey*, 2024 WL 4766209, at *5. Accordingly, the timeliness of filing the Motion to Amend
8  favors joinder. *See id.*

9  However, two considerations still weigh against joinder. First, Plaintiffs offer no caselaw
10  to show why a mere lack of information for service warrants a delay in naming a defendant when
11  all facts necessary for naming the defendant are known. (*See generally* ECF No. 18 at 3.)
12  Plaintiffs' general reliance on cases like *Lopez* and *Foman* to argue delay is proper when
13  gathering essential information is unfounded because these cases do not articulate the narrow
14  proposition that delay in amendment is proper when it is merely to secure information to serve a
15  defendant. (ECF No. 19 at 4 (citing *Lopez*, 697 F.2d); ECF No. 18 at 4 (citing *Foman*, 371 U.S.
16  at 182).)

17  Second, Plaintiffs already knew all the facts necessary to allege claims against Snyder at
18  the time of filing the original Complaint. *See Goines*, 2017 WL 10676597, at *4. Plaintiffs'
19  explanation for the delay is that they needed time to investigate Snyder's contact information,
20  whereabouts, and role in the action. (ECF No. 18 at 3–4; ECF No. 19 at 4.) But this explanation
21  is unpersuasive because Plaintiffs allege no new facts in the proposed amendments that support
22  the added claims against Snyder. *See Goines*, 2017 WL 10676597, at *4 (finding plaintiffs'
23  explanation for delay — further investigation — unpersuasive because plaintiffs already knew all
24  the facts underlying the claims against the new defendant as evidenced by plaintiffs' failure to
25  add new facts in the proposed amendments).

26  The only new facts concerning Snyder have to do with proving a "pattern of selective
27  enforcement of company policies" by Home Depot. (*See* ECF No. 6 at 4–5.) These facts do not
28  include conduct by Snyder against Plaintiffs. (*See id.*) Because Plaintiffs do not add any new

10

1    facts to support the proposed claims against Snyder, this suggests they already had all the
2    information they needed to name him at the time of the original Complaint. *See Garcia*, 2025
3    WL 314072, at *3.  Accordingly, Plaintiffs' explanation is inadequate, and this consideration
4    weighs against joinder. *See Goines*, 2017 WL 10676597, at *4.
5        Because the timeliness of the amendment favors joinder, but the lack of adequate
6    explanation disfavors joinder, this factor is neutral. *See Garcia*, 2025 WL 314072, at *3.
7            D.       Whether Joinder Is Intended Solely to Defeat Diversity Jurisdiction
8        "The question of whether joinder is solely intended to defeat jurisdiction is 'intertwined'
9    with the question of whether the claims against the new defendant appear valid." *Ortiz*, 2025 WL
10   227289, at *4 (quoting *Sabag v. FCA US, LLC*, No. 2:16-cv-06639-CAS(RAOx), 2016 WL
11   6581154, at *6 (C.D. Cal. Nov. 7, 2016)).  "Courts have permitted joinder even where the
12   plaintiff appears to be primarily motivated by a desire to defeat diversity jurisdiction, as long as
13   the plaintiff has alleged a valid claim against the non-diverse defendant." *See Reyes*, 2020 WL
14   7224286, at *6.
15       Defendant argues Plaintiffs' joinder request shows purpose to defeat diversity jurisdiction
16   because Plaintiffs' lack credible explanation for the delay, and their timing is so close to removal.
17   (ECF No. 16 at 8.)  Defendant supports its argument by citing caselaw that directs courts to
18   examine a plaintiff's motive in diversity-destroying amendments closely.  (ECF No. 16 at 8–9.)
19   Plaintiffs do not address this factor.
20       However, two of the three cases Defendant cites were decided before § 1447(e)'s
21   enactment and are therefore less persuasive.  (*See id.* (citing *Desert Empire Bank v. Ins. Co. of N.*
22   *Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Lopez*, 697 F.2d at 1332)); *see also Gunn v. Wild*, No.
23   C-01-4320 VRW, 2002 WL 356642, at *4 (N.D. Cal. Feb. 26, 2002) (recognizing *Desert Empire*
24   *Bank's* limited application when reviewing a plaintiff's motive for amendment under § 1447(e)
25   because it was decided prior to § 1447(e)'s enactment in 1988).  Defendant's third case, *Mayes v.*
26   *Rapoport*, is from outside the Ninth Circuit and not binding on this Court.  198 F.3d 457 (4th Cir.
27   1999).  Further, as stated above, the Court finds Plaintiffs have alleged colorable claims against
28   Snyder.  Even if Plaintiffs are primarily motivated to defeat diversity jurisdiction, the existence of

the actionable claims supports joinder. *See Reyes*, 2020 WL 7224286, at *6.

In sum, the Court finds this factor weighs in favor of joinder.

### E. Whether Denial of Joinder Would Be Prejudicial to Plaintiffs

A plaintiff will be prejudiced "if the proposed defendant is 'crucial' to the case. Prejudice does not exist if complete relief can be afforded without that defendant." *Rodriguez*, 2025 WL 2180549, at *7 (quotation marks omitted). Where the claims against the proposed defendant are based on the same facts, it is economically beneficial for both the judicial system and the parties to prevent separate and redundant actions. *Forster*, 2024 WL 3913461, at *4.

Defendant argues Plaintiffs will not be prejudiced if the joinder request is denied because Plaintiffs have yet to identify a reason for prejudice. (ECF No. 16 at 11.) Further, Defendant argues there is no prejudice because Plaintiffs can receive a full recovery with a judgment against Home Depot itself, and Snyder is still available to serve as a witness. (*Id.*)

In response, Plaintiffs argue that they will suffer substantial prejudice because denial of the joinder request would force separate, parallel proceedings and risk inconsistent judgments. (ECF No. 19 at 5.) Plaintiffs argue the "interests of judicial economy" support their request for joinder because the claims arise from the same facts. (*Id*; *see also* ECF No. 18 at 5–6.)

This factor echoes the concerns laid out under the Rule 19 factor. There, the Court determined Snyder was a necessary party because failure to join him would create separate actions and risk inconsistent judgments. Because of the risk of separate actions that would prejudice Plaintiffs if joinder was denied, this factor weighs in favor of joinder.

### F. Balancing the Factors

Four of the six § 1447(e) factors favor joinder. One factor is neutral, and one factor weighs against joinder. After balancing the factors and considering that doubt as to removability should be decided in favor of remand, the Court will exercise its discretion and grant Plaintiffs' request to amend and join Snyder as a defendant. With Snyder's joinder, the Court's subject matter jurisdiction is destroyed because there is no longer complete diversity. Accordingly, the Court must remand the action to state court.

///

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Amend (ECF No. 6) and GRANTS Plaintiffs' Motion to Remand (ECF No. 8). The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Date: September 25, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE